**FILED & ENTERED**

NOV 20 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

In re:

Narine Gumuryan

Debtor(s).

Bag Fund LLC

Plaintiff(s),

v.

Narine  Gumuryan

Defendant(s).

CHAPTER 7

Case No.:  1:09-bk-18345-GM
Adv No:   1:19-ap-01081-GM

**TENTATIVE RULING ON MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Date:        November 19, 2019
Time:        10:00 AM
Courtroom: 303

On 10/15/19 the Plaintiff filed an amended complaint.  The initial complaint had been dismissed with leave to amend.  The summary of the factual allegations as described in the prior tentative ruling [amended here by changes highlighted in bold] is as follows:

*The complaint concerns a debt created through a credit card with Citibank.  In February 1999, Narine Gumuryan (Narine) submitted her application for a credit card that was only available to California homeowners.  In 2006, L&J Assets LLC (L&J) was assigned all of Citibank's rights in the credit card account.  Debtor defaulted on 12/3/2004.*

*On June 10, 2006, L&J filed suit against Narine, Andranik Gumuryan (Andranik), and Louisine Katrdzhyan (Louisine) for fraudulent conveyance, breach of contract, account stated, and open book account, LASC LC74976 (the State Court Action).  The fraudulent conveyance alleged that Narine had fraudulently conveyed her home at 7751 Allott (Allott) to Andranik, who later conveyed it to Louisine.*

*In 2007, L&J obtained a default judgment against all three defendants and recorded an abstract of judgment on May 21, 2007.  L&J later assigned the judgment to Bag Fund, LLC (Bag Fund).  Later, Narine filed this bankruptcy case on July 7, 2009, but did not list the debt to Bag Fund or include L&J or Bag Fund in the creditor matrix. There is no claim of exemption.  Discharge was entered February 4, 2010.*

*Based on the complaint and the motion for relief from stay, it appears that the timeline asserted is as follows:*

*2/1/99 - credit card application with Citibank - must be a CA homeowner*

*3/01 - Narine acquired 7751 Allott*

*12/3/04 - Debtor breached the credit agreement*

*8/22/05 - Debtor deeds Allot to her son Andranik for no consideration*

*10/5/05 - Andranik borrowed $300,000 against Allott*

*3/21/06 - Andranik deed an interest in Allott to Louisine Katrdzhyan (Louisine) for no consideration*

*4/13/06 - Louisine borrowed $416,000 against Allot (used to buy Bellaire)*

***7/24/06*** *- a trust deed was recorded against Allot to secure repayment of a loan of* ***$56,800*** *to Louisine and her husband Arthur Katrdzhyan (Arthur), who are related to Debtor and her son Andranik*

*6/8/06 - Citibank assigned account to L&J Assets*

*6/16/06 - L&J filed suit against Debtor and others for breach of contract and fraudulent transfer (LC074976)*

*12/15/06 - L&J obtained default judgment against **Narine and** transferees of Allot (**Andranik** and Louisine)*

*5/21/07- abstract of judgment recorded against Allot*

> *L&J assigned its judgment to Bag Fund*

*8/23/07 - Louisine transferred Allot to Louiza Mkrtchyan (Louiza) for no consideration.*

*at some time - lien recorded on Allot in favor of Boyadjyab for $37,000*

*10/20/08 - Louiza transferred Allot to Manuk Gumuryan (Manuk, who is Debtor's son) for no consideration*

*12/10/08 - per superior court docket, judgment assigned by L&J Assets*

*7/7/09 - Debtor files chapter 7, debt to Bag Fund not listed nor are L&J or Bag Fund on creditor's matrix or on her schedules.*

*10/5/09 - Kalfayan filed §523 case for fraud and fraudulent transfer - (1:09-ap-01418).*

*2/4/10 - discharge entered*

*1/5/11 - Kalfayan and Debtor stipulate that the debt owed Kalfayan of about $17,000 is non-dischargeable*

*5/23/14 – Allot transferred from Manuk, Arthur, and Lousine to Manuk, Andranik, and Louisine for no consideration.*

*2015 - Bag Fund receives notice of the bankruptcy*

*2015-2016 - there is a request to enter default judgment in the state court and an opposition by non-debtor defendants - per superior court docket*

*3/11/16 - motion to set aside judgment by non-debtor defendants - per superior court docket*

*6/28/16 - property transferred from the Manuk, Andranik, and Louisine to Andranik for no consideration and he borrows $460,000 against it from United Wholesale Mortgage*

*11/21/18 - application for OSC re contempt filed by non-debtor parties in superior court - per superior court docket*

*11/28/18 - Bag Fund filed notice of bankruptcy in superior court - per superior court docket*

*1/29/19 - superior court hearing on OSC (why sanctions should not be imposed for engaging in bad faith tactics and violation of court orders) - taken under submission - per superior court docket*

*3/12/19 - superior court hearing on OSC re dismissal - taken under submission - per superior court docket*

*3/18/19 - superior court ruling on OSC re: dismissal and sanctions - per superior court docket*

*3/27/19 - bankruptcy case reopened*

*3/28/19 - motion to reconsider filed in superior court - per superior court docket*

*7/12/19 - §523 complaint filed - 1:19-ap-01081*

The tentative ruling, which was adopted by the Court, was as follows:

*The real issue here is when Bag Fund or L&J had actual (or even constructive) notice of the bankruptcy case.  The complaint states that the chapter 7 case commenced on July 7, 2009 and that the debt to Bag Fund was not listed in the Defendant's schedules.  Also that the Defendant did not include L&J or Bag Fun on the creditor matrix and that the Defendant did not inform L&J or Bag Fund of the filing. (¶¶ 19, 32, 33).  It discusses the Kalfayan adversary proceeding, but does not indicate that it had any knowledge of it. (¶¶ 39-44).  Nowhere in the complaint does it say when or how Bag Fund or L&J became aware of the bankruptcy.*

*The statute of limitations is generally an affirmative defense, but a complaint is required to include information as to the time or place when testing the sufficiency of the complaint. Fed.R.Bank.P. 7009 applying Fed.R.Bank.P 9(f).  This complaint fails that requirement.  There is no information in is as to the time that Bag Fund or its*

1  *predecessor became aware of the bankruptcy case.  It must be amended to include this*

2  *information.*

3          *As to the other allegations that are asserted to be factually incorrect, they would*

4  *be resolved by a motion for summary judgment.  However, Plaintiff is urged to review*

5  *the chronology above and to the extent that it is correct and differs from that in the*

6  *complaint, to make those corrections in the amended complaint.*

7

8  The amended complaint has made only one factual change to include a date or

9  information as to when L&J and/or Bag Fund received actual or constructive notice. In

10  paragraph 36, the amended complaint states that "Bag Fund did not become aware of

11  Defendant's bankruptcy filing until on or around November 28, 2018."  There is no

12  statement as to when or if L&J became aware or how Bag Fund became aware of the

13  bankruptcy.

14

15  <u>The Motion to Dismiss</u>

16          The Motion to Dismiss is on several grounds.

17  (1) <u>The amended complaint was not timely filed:</u> The Court had ordered that an

18  amended complaint is to be filed and served by October 11, 2019.  However this was

19  filed on 10/15/19.

20  (2) <u>L&J was aware of this bankruptcy by 5/25/16:</u> On that date the Judge Brown issued

21  a minute order that the bankruptcy court's record appears to indicate that Narine's debt

22  to L&J was discharged.  L&J's attorney was instructed to seek a determination of this

23  from the bankruptcy court.  This is in direct conflict with Bag Fund's statement that it

24  was not aware of the bankruptcy until 11/28/18.

25  (3) <u>Bag Fund's forgery and wrongful actions in the state court should bar it from</u>

26  <u>proceeding in this court.</u> - A list and evidence of false statements and forged documents

27  in the state court are set forth.

28

Opposition

The discharge (2010) did not occur before the plaintiff had notice of the bankruptcy (whether 2016 or 2018).  [*the Court is ignoring the various issues as to the content of the motion to dismiss and concentrating on what is relevant to whether the amended complaint is sufficient.]*

While Kalfyan had actual notice of the bankruptcy prior to discharge since his complaint was filed in 2009, there is not link between Kalfyan and Bag Fund or L&J.  So this is irrelevant.  Kalfyan is included in the complaint only to support the allegations that Narine had fraudulently conveyed the Allott Property.

Failure to file on 10/11/19 was due to closure of the court on that day because of the Saddleridge Fire.  The complaint was filed on the next day that the court was open.

While it appears that Bag Fund's counsel knew about the bankruptcy in 2015, he failed to notify Bag Fund of this.  In fact, he withdrew due to illness.  New counsel did not learn until 2018.  Either way, this was long after the statute of limitations had run and of discharge.  The only statute of limitations here is as to the fraudulent transfer and that only begins as a crime when the debtor has been granted or denied a discharge.  But 18 USC §3284 does not apply - it only deals with concealment of assets because the malfeasance does not always come to light until after discharge.  This does not deal with §523(a) dischargeability.  There is no statue of limitations on §523(a)(3) as set forth in FRBP 4007(b).

The amended complaint meets the requirements of Ashcroft v. Iqbal in that it contains sufficient matter, which is accepted as true, to state of claim for relief that is plausible on its face.

The opposition then includes the declaration of Conrad Otani as to whether the two documents circled on the Superior Court Case Summary (ex. A to the motion) exist and whether Ex. A was altered.

There is also a declaration of Karin Tan, counsel for BAG in 2015, that she had signed the request for renewal of judgment in 2015 and had never represented L&J.

Further, there is a declaration of Barry Coleman, who replaced Karin Tan in June 2015.  She had authorized him to sign her name and he did so on the renewal of judgment.  He became aware of this bankruptcy in June 2015 [*he does not state how he became aware of this*] and filed a notice of bankruptcy i the state court, but did not disclose this knowledge to his client.

The declaration by Ron Hacker, managing member of BAG, states that Coleman had not informed him or anyone in his office of the bankruptcy filing and that he only became aware of this in November 2018 when Debtor's counsel contacted him. No Reply received as of 11/14/19/

Analysis and Proposed Ruling

This motion to dismiss can be determined on very narrow grounds: did the Plaintiff have actual of constructive notice of the bankruptcy within the time limit to file an adversary complaint under §523(a)(2), (4), or (6)?  Because this is a motion to dismiss and not a motion for summary judgment, the Court considers all well-pleaded facts and matters presented for judicial notice.  External evidence would convert this into a motion for summary judgment.

There is no dispute at this time that about 2015 Bag Fund received notice through its attorney that the bankruptcy case existed.  The declarations that the attorney(s) did not inform the client of this is irrelevant since (1) the attorney was the agent of Bag Fund and (2) even if this was not actual knowledge (which it was), it constitutes constructive knowledge.  To the extent that the amended complaint states that Bag Fund did not become aware of the filing until 2018 (¶36), it is incorrect and the Court can and does take judicial notice that the proper allegation must be 2015.  Since L&J is alleged to have assigned the state court judgment to Bag Fund in 2007 or 2008, this was prepetition, so the knowledge of L&J is irrelevant.

FRBP 4007 and §523(a)(3)(B) apply and there is no statute of limitations for bringing this action.  Thus the motion to dismiss on that ground is denied except that the

first amended complaint is hereby amended as to ¶36 to replace "November 28, 2018" with "2015."

###

Date: November 20, 2019

_____
Geraldine Mund
United States Bankruptcy Judge